Joe Edward THOMAS *v.* STATE of Arkansas

CR 77-41                                553 S.W. 2d 32

Opinion delivered July 11, 1977
(Division I)

*Don Langston,* Public Defender, by: *Hubert Graves,* Dep. Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Joe Edward Thomas was charged with aggravated robbery and kidnapping in violation of Ark. Stat. Ann. §§ 41-2102 and 41-1702 (Crim. Code 1976). The information further charged him with employment of a firearm in furtherance of a felony (§ 41-1004) and as an habitual criminal (§ 41-1001).

On February 11, 1976, at about 10 p.m., appellant approached a parked car in Fort Smith, Arkansas, occupied by David Mayfield and Mary Ann Moore. He forced himself into the car at gunpoint and directed Mayfield to drive into Oklahoma. He forced Mayfield to stop the car on a deserted road, tied up and robbed Mayfield of his billfold and a watch and Miss Moore of her ring. Appellant also raped and shot Miss Moore.

On trial to a jury appellant was found guilty and sentenced to 35 years and a $10,000 fine on each of two counts of kidnapping and to 20 years and a $10,000 fine on one count of aggravated robbery, with all sentences to run consecutively.

On appeal only the aggravated robbery charge is involved, and appellant contends the trial court erred when it refused to direct a verdict on this charge. He argues that no element of the crime of aggravated robbery occurred in Arkansas, but that the entire criminal activity took place in Oklahoma, depriving the Arkansas court of jurisdiction to try the matter. We do not agree.

> . . . [A]cts done in one state as a preliminary to completion of a crime in a second state may be, and sometimes are, punished as crimes in the first state. * * *
>
> Leflar, American Conflicts Law, § 114, p. 273 (rev. ed. 1968).

The pertinent Arkansas statutes provide as follows:

§ 41-2102. Aggravated robbery. — (1) A person commits aggravated robbery if he commits robbery as defined in section 2103 [§ 41-2103] and he:

(a)   is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b)   inflicts or attempts to inflict death or serious physical injury upon another person.

§ 41-2103. Robbery. — (1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

Unlike previous Arkansas law which emphasized the taking or asportation of property, robbery under the Criminal Code shifts the emphasis to the threat of physical harm to the victim. The commentary on these statutory sections states:

Section 2103 defines robbery in a way that shifts the focus of the offense from the taking of property to the threat of physical harm to the victim. One consequence of the new definition is that the offense is complete when physical force is threatened; no transfer of property need take place.

According to the robbery statute then the elements of the crime are (1) intent to commit theft and (2) the employment of or threat to employ physical force.

Appellant argues that force was threatened in Arkansas for the purpose of requiring Mayfield to drive into Oklahoma and not to facilitate the theft. However, the actual circumstances clearly show there was one continuous threat of force applied by appellant against the victims of these crimes beginning when he commandeered the car at gunpoint in Arkansas and culminating in the actual taking of the proper-

ty. The force was initiated in Arkansas, and extension of the acts into Oklahoma does not defeat Arkansas jurisdiction. Events which transpired later indicate the intent to commit theft was obviously formulated by appellant when he entered Mayfield's automobile. This issue of appellant's purpose and intent was properly submitted to the jury within the framework of our statute without objection, and appellant was found guilty.

Appellant next alleges it was error for the trial court to refuse to give the following requested instruction:

> You are instructed that a conviction of aggravated robbery in the State of Arkansas in this case will not prevent the Defendant being tried for a violation of Oklahoma Criminal Statutes for any act committed in Oklahoma.

We find no error in the court's refusal to give this instruction. The question for the jury's determination was the guilt of appellant of the crimes charged according to the laws of Arkansas. The issue of appellant's criminal responsibility in the State of Oklahoma under the circumstances here was not a proper subject for the jury's consideration.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.